JOHNSON, J.,
would grant the writ application for the following reasons.
|,If the purpose of the city’s curfew ordinance is to get underage youngsters off the street on school nights, where is the societal benefit when a police officer calls a juvenile back out of his residence to arrest him for a curfew violation. This juvenile was charged under Chapter 54:414 of the Code of Ordinances for New Orleans, which states in pertinent part:
2) Nighttime violations. If a police officer or other authorized peace officer reasonably believes that a minor is violating any provisions of subsection (b)(1) of this section, the officer shall:
a. Advise the minor that the minor is in violation of this section and instruct the minor to proceed immediately to the minor’s residence without any detour or stop; or
b. Take the minor into custody in accordance with the procedure established in Article 736 of the Louisiana Children’s Code.
⅜ ik *
Article 736 of the Louisiana Children’s Code provides that:
A peace officer or probation officer of the court may take a child into custody without order — if he has reasonable grounds to believe that the child’s family is in need of services and that the child’s conduct or surroundings are such as to endanger his welfare and that immediate removal appears to be necessary for his protection or control.
This matter involves the court’s denial of a motion to suppress evidence seized from a search which followed the juvenile’s arrest for a curfew violation. The 12defendant, J.M., who is a minor, was arrested after two police officers observed him a short distance away from his home on a Thursday evening, after the 8:00 p.m. curfew. One of the officers testified that he knew J.M., and knew that J.M. was a minor. When the officers first observed J.M., he was standing with others near a closed corner grocery store. The officers called out to J.M., but he did not respond. Instead, he proceeded across the street to his residence at 935 Seventh Street. As J.M. was about to enter his residence, he turned and walked towards the officers who were calling out to him. The officers testified that they then immediately arrested him in front of his residence, and in the presence of his uncle, solely on the basis of the curfew violation.
The officers chose to disregard Sec. 54-28 of the city ordinance, which provides that an officer SHALL issue a written summons and MAY NOT arrest a person for violations under this chapter except in certain circumstances:
(1) An officer shall issue a written summons and may not make a custodial arrest when citing a person solely for a violation of this chapter, except when one of the following circumstances exists:
a. The person does not possess identification issued by any municipal, state, *728 territorial, federal, or other governmental authority within the United States; or
b. The person makes a statement that indicates an intent to disregard the summons or refuses to sign the summons; or
c. The person acts in a violent or destructive manner or makes a statement indicating that he or she intends to inflict injury to self or another or damage to property; or
d. The person is a habitual offender, defined as any individual with a criminal history of two or more felony convictions or five or more felony or municipal arrests for any offense; or
e. Based on the circumstances, an officer determines that it is absolutely necessary to make an arrest.
(2) When an officer determines that one of the factors enumerated in subsection (1) applies, the officer may use his or her discretion to issue a summons instead of making a custodial arrest for a violation of this chapter.
(3) Subsection (1) does not apply when an officer cites a |3person for a violation of article VIII of chapter 54 of the Code of the City of New Orleans.
* ⅜ *
In my view, the officers did not articulate any circumstances which would justify an arrest, as opposed to issuing a summons. This Court has already ruled that a curfew violation alone, cannot form the basis for a “protective frisk,” (see State v. Simms, 02-2208, 851 So.2d 1039, (La.6/27/03)). We should not hold that a curfew violation alone, can form the basis for the more invasive search pursuant to an arrest.
In Louisiana, the investigatory “Terry stop” is codified in La.Code of Crim. Proc. art. 215.1(A): “A law enforcement officer may only stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand his name, address, and an explanation of his actions.” Even after a lawful investigatory stop, a police officer may frisk the suspect only where a reasonably prudent person would be warranted in the belief that his safety or that of others is in danger. State v. Dumas, 00-0862, pp. 2-3 (La.5/4/01), 786 So.2d 80, 81. The officers’ testimony in this case failed to establish any articulable facts that created a reasonable suspicion that danger existed, and the police should not be permitted to “bootstrap” the illegal frisk into probable cause for an arrest and search when the defendant has not demonstrated any suspicious behavior.